IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
JAN 21 2015
DAVID J. MALAND, CLERK
BY
DEPUTY_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § | No. 4:13CR226 |
| | § | Judge Mazzant |
| THOMAS LUCAS, JR. | § § | |

## SECOND SUPERSEDING INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Counts One through Seven

Violation: 18 U.S.C. § 1343 (Wire Fraud)

Introduction

At all times material to this indictment:

1. Defendant **Thomas Lucas, Jr.** ("**Lucas**") was employed by the Harry B. Lucas Company and the Harry B. Lucas Management Corporation ("the Lucas companies") from approximately 2004 through approximately September 2008; the Lucas companies were involved in the acquisition of real estate for investment purposes.

2. **Lucas** received commissions and consulting fees from the Lucas companies that represented percentages of real estate transactions in which he was involved.

3. JD and SD were persons known to the Grand Jury.

The Scheme and Artifice to Defraud

4. Between on or about November 10, 2006, and on or about March 16, 2010, in the Eastern District of Texas and elsewhere, **Lucas** knowingly devised and intended to devise a scheme and artifice to defraud certain investors, and to obtain money and property from these investors, by making materially false and fraudulent pretenses, representations, and promises, and in execution of the scheme and artifice, to cause writings, signs, and signals to be transmitted by means of wire communications in interstate commerce.

Manner and Means of the Scheme and Artifice to Defraud

It was part of the manner and means of the scheme and artifice to defraud that:

5. **Lucas** knowingly and falsely claimed to have acquired information that the Walt Disney Company ("Disney") was in the process of acquiring land in North Texas and would soon be announcing the opening of a North Texas theme park; **Lucas** then assisted with the solicitation of investments on behalf of the Lucas companies to acquire land close in proximity to the alleged Disney theme park for the land's resale to developers at increased values predicated by the theme park.

6. However, Disney never intended to build a new theme park in North Texas. Instead, **Lucas** made and caused to be made materially false representations to certain investors in order to induce these investors to rely upon the materially false representations, to believe that Disney was building a theme park in North Texas, and to provide investment capital to the Lucas companies for the purchase of land. Among these materially false representations were the following:

a. That **Lucas** had a contact or a source who worked for Disney or a company affiliated with Disney and was therefore privy to Disney's alleged plan to build a theme park in North Texas.

b. That Disney was actively procuring land in North Texas for the alleged theme park.

c. That there was a site plan that described the location of the alleged Disney theme park.

d. That there was a map of the alleged Disney theme park that described all of its attractions.

e. That there were photographs of Disney's alleged announcements of the theme park and conceptual plan.

f. That the alleged theme park would include an airport and that Southwest Airlines was an eventual partner in the Disney project.

g. That the alleged theme park would include a lake, high-end retail stores called "The Shops at Disney," and a hotel.

h. That Disney's executives had traveled to North Texas for secret meetings related to the development and announcement of the alleged theme park.

i. That Disney would announce the alleged theme park at various times in 2007 and 2008, including during the Super Bowl and the 2008 Beijing Olympics.

Execution of the Scheme and Artifice

7. On or about the following dates, in the Eastern District of Texas and elsewhere, for the purpose of executing the scheme and artifice, **Lucas** caused to be transmitted in interstate commerce the following wire transmissions from bank accounts in the State of New York from the following investors in the following amounts to bank accounts in Collin County, Texas, in the Eastern District of Texas:

| Count | Date | Investor | Amount |
|---|---|---|---|
| 1 | August 8, 2008 | SD | $300,000 |
| 2 | September 25, 2008 | JD | $5,500 |
| 3 | September 26, 2008 | JD | $49,500 |
| 4 | October 27, 2008 | JD | $15,000 |
| 5 | November 14, 2008 | SD | $250,000 |
| 6 | November 14, 2008 | SD | $150,000 |
| 7 | November 24, 2008 | JD | $15,000 |

Each count in violation of 18 U.S.C. § 1343.

### Count Eight

<u>Violation</u>: 18 U.S.C. § 1001(a)(2) (False Statements)

8.     The Federal Bureau of Investigation ("FBI") is an agency within the Department of the Justice of the United States of America.

9.     The FBI was investigating the wire fraud scheme as alleged in paragraphs one through six of this indictment.

10. The source of **Lucas's** Disney information that is alleged in paragraphs five and six of the indictment was important to the FBI's investigation, and was a matter within the FBI's jurisdiction.

11. On or about September 10, 2013, in the Eastern District of Texas, **Lucas** willfully and knowingly made materially false, fictitious, and fraudulent statements and representations to Special Agent Richard J. Velasquez of the FBI, by claiming that Michael Joseph Watson, Sr. ("Watson") was **Lucas's** source for **Lucas's** Disney information that is alleged in paragraphs five through six of the indictment. The statements and representations were false because, as **Lucas** then and there knew, Watson was not a source for the alleged Disney information.

In violation of 18 U.S.C. § 1001(a)(2).

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

As the result of committing the violations of 18 U.S.C. § 1343 as stated in this indictment, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, **Lucas** shall forfeit to the United States all property that constitutes or is derived from proceeds traceable to the aforementioned violations, including but not limited to the following:

### Cash Proceeds
Approximately $15,505,346 in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate is property constituting, or derived from, proceeds obtained directly or indirectly, as the result of the foregoing offenses alleged in this indictment.

### Substitute Assets
If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:
(1)   cannot be located upon the exercise of due diligence;
(2)   has been transferred or sold to, or deposited with a third person;
(3)   has been placed beyond the jurisdiction of the court;
(4)   has been substantially diminished in value; or
(5)   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(a)(4), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property, including but not limited to all property, both real and personal owned by the defendant.

By virtue of the commission of the offenses alleged in this indictment, any and all interest **Lucas** has in the above-described property is vested in and forfeited to the United States.

A TRUE BILL

*/s/*
GRAND JURY FOREPERSON

JOHN M. BALES
UNITED STATES ATTORNEY

*/s/*           January 21, 2015
CHRISTOPHER A. EASON    Date
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | NO. 4:13CR226 |
| | § | Judge Mazzant |
| THOMAS LUCAS, JR. | § | |

## NOTICE OF PENALTY

### Counts One through Seven

Violation: 18 U.S.C. § 1343

Penalty: For each count: Imprisonment of not more than twenty years; a fine not to exceed $250,000 (or the greater of two times the gross gain to the defendant or two times the loss to the victim); or both such imprisonment and fine; and a term of supervised release of not more than three years.

Special Assessment: For each count: $100.00

### Count Eight

Violation: 18 U.S.C. § 1001(a)(2)

Penalty: Imprisonment of not more than five years; a fine not to exceed $250,000 (or the greater of two times the gross gain to the defendant or two times the loss to the victim); or both such imprisonment and fine; and a term of supervised release of not more than three years.

Special Assessment: $100.00